UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **COLGAN FINANCIAL GROUP, INC.,** | : | **CIVIL ACTION NO.** |
| Plaintiff, | : | **3:14-CV-01254 (VLB)** |
| | : | |
| v. | : | |
| | : | |
| **FIRST 100, LLC; JAY BLOOM;** | : | |
| and **MATTHEW FARKAS,** | : | |
| Defendants. | : | **December 22, 2014** |

**ORDER**
**GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Dkt. #14]**

After due notice, the Court conducted an evidentiary hearing on a Motion for Preliminary Injunction filed by Colgan Financial Group, Inc. ("Plaintiff") against First 100, LLC, Jay Bloom, and Matthew Farkas ("Defendants"), at which the parties appeared personally and through counsel and offered evidence. The Court has considered the evidence introduced at the hearing, the pleadings, and the other materials filed in support of and in opposition to Plaintiff's Motion. Based on the totality of the record in this case, the Court finds that there is a substantial likelihood that Plaintiff will prevail on its claims against Defendants and that Defendants are likely to dispose of and dissipate their assets and Plaintiff's collateral, thereby hindering, delaying and frustrating Plaintiff's attempts to execute on any eventual judgment in its favor, and resulting in immediate and irreparable harm to Plaintiff. Accordingly, it is ordered, adjudged and decreed that a Preliminary Injunction is hereby issued, ordering each Defendant and all persons acting in concert with them, through the pendency of this action:

    a.  **To immediately turn over to Plaintiff all of the respective financial statements and reports, balance sheets, income statements, statements of cash flows, and all other financial information as provided in the loan documents;**

    b.  **To immediately disclose to Plaintiff all payments or disbursements made by First 100, LLC ("First 100") since January 2014 by way of sworn affidavit;**

    c.  **To cease and desist from making or causing to be made any payments, distributors or dividends on behalf of First 100 to any third party, including to any of First 100's members, First 100's affiliates, and Leading Ventures Enterprise Marketing, without Plaintiff's prior written consent, absent further order of this Court;**

    d.  **To provide to Plaintiff a weekly sworn affidavit listing all disbursements to be made by First 100, and to cease and desist from making any disbursements on behalf of First 100 without Plaintiff's prior written consent, absent further order of this Court;**

    e.  **To cease and desist from selling, exchanging, leasing, negotiating, pledging, assigning or otherwise disposing of any Collateral, as defined in the Loan Agreement, including all equipment, inventory, general intangibles, cash, accounts, chattel, paper, instruments, securities, and all property or interests in any other property now owned or hereafter acquired by First 100, without Plaintiff's prior written consent or order of this Court;**

    f.  **To cease and desist from opening any bank accounts on behalf of First 100 without Plaintiff's prior written consent;**

    g.  **To immediately take all action necessary to provide mortgages in favor of Plaintiff on all real property owned by each of the Defendants;**

  h. Within 14 days of the date of this Order, to tender to the Plaintiff the irrevocable instructions required by the Equity Profit Sharing Agreement, as amended, to each such law firm, collection agency or other third party providing services relating to the assets of the Poinciana Portfolio that are owned by First 100 as of the date of this Action;

  i. Within 14 days of the date of this Order, to provide a full accounting of the Total Portfolio Income associated with the Poinciana Portfolio calculated in accordance with the Equity Profit Sharing Agreement in the form of a sworn affidavit;

  j. To cause to be deposited and to deposit with the Clerk of the Court any and all proceeds of any funding, including without limitation the proceeds of any and all bridge, short-term, mezzanine, long-term or other debt or equity funding obtained by any of the Defendants, not to exceed the then-outstanding balance under the loan documents, as amended, including principal, interest and costs; and

  k. To cease and desist from taking any action to impair the Collateral, including the distribution or disposal of any proceeds of the collateral, including without limitation any monies from any sale, mortgage, lease or funding thereof.

                IT IS SO ORDERED.


                _____/s/_____

                Hon. Vanessa L. Bryant
                United States District Judge

**Dated at Hartford, Connecticut: December 22, 2014**